# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

WILLIAM SMOAK FAIREY, JR.,

      Petitioner,

-vs-                                              Case No.  8:09-CV-431-T-30EAJ

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,

      Respondent.

_____ /

## ORDER OF TRANSFER

Petitioner, proceeding *pro se*, filed a Petition for Writ of Habeas Corpus ("petition")

pursuant to 28 U.S.C. § 2254 (Dkt. 1).  It appears from the petition that the judgment of

conviction against which relief is sought was entered by the South Carolina Court of General

Sessions in and for Horry County, South Carolina.  Petitioner currently resides in Sarasota,

Florida, where he is currently serving a four-year term of probation as a result of his

conviction in South Carolina.

Under 28 U.S.C. § 2241 (1982) a state prisoner may file a petition for habeas corpus

in the federal judicial district in which he is in custody or in the district in which the court

was held that convicted and sentenced him.  *Dobard v. Johnson*, 749 F.2d 1503, 1504 (11th

Cir. 1985).  In habeas corpus proceedings, traditional venue considerations apply. *Braden v.*

*30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 493 (1973).  Title 28, U.S.C. §

1404(a) provides: "(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." District courts have broad discretion in deciding whether to transfer an action to a more convenient forum. *See England v. ITT Thompson Industries, Inc.*, 856 F.2d 1518, 1520 (11th Cir.1988) ("Trial judges are permitted a broad discretion in weighing the conflicting arguments as to venue" under § 1404(a)). The factors relevant to the decision whether to transfer an action include: (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances. *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005)(citation omitted).

After consideration of all of the above factors, venue for this action appears proper in the United States District Court, District of South Carolina. Petitioner is challenging his conviction and sentence. He is not challenging a violation of his probation in Florida. The events regarding his conviction and sentence took place in South Carolina, and the records and witnesses are likely to be found there. If an evidentiary hearing is warranted, South Carolina certainly would be a more convenient forum. Based on the totality of the circumstances, Petitioner's petition should be transferred.

Section 2241(d) states in pertinent part that "[t]he district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination." Therefore, pursuant to 28 U.S.C. § 2241 (d) and 28 U.S.C. § 1404(a), this case is transferred to the United States District Court, District of South Carolina, Florence Division for all further proceedings, and the Clerk shall close this case and immediately forward the file to that District.

     **DONE** and **ORDERED** in Tampa, Florida on June 16, 2009.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: *Pro se* Petitioner